IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03344-BNB

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR, and
COLORADO DEPT. OF CORRECTIONS,

    Defendants.

ORDER

    This matter arises on three recent filings Plaintiff submitted to the Court. First, the Letter, Doc. No. 6, that Plaintiff submitted to the Court on January 5, 2012, in response to the December 28, 2011 Order directing him to cure certain deficiencies in the Complaint will be stricken pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure. Plaintiff's statements in the Letter are contemptuous. Plaintiff is not a stranger to submitting such inappropriate filings. In Cases 07-cv-02028-WDM-KMT and 07-cv-02029-WDM-KMT, pleadings were stricken by the magistrate judge on the basis that they were impertinent and scandalous. Plaintiff is warned that if he continues to submit any filing in the future that is found to be inappropriate, additional sanctions, including dismissal of the action, will be imposed.

    One of the other filings details the medications Plaintiff has been given for the past twelve years and the side effects from the medications. The medications include Abilify, Ativan, Clozaril, Cogentin, Depakote, Geodon, Holdol, Risperdal, Seroquel,

Thorazine, and Zyprexa. The third filing, Document No. 7, indicates that Plaintiff intends to file this case pursuant to 42 U.S.C. § 1983 and that he has attempted to obtain the proper forms to file with the Court but was unable to do so.

To the extent in Document No. 7 Plaintiff also refuses to use the Court-approved forms and seeks leave to proceed without complying with the December 28 Order, the Court liberally construes the arguments as an Objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). Under § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. For the reasons stated below, the Objection will be overruled.

Plaintiff provides no grounds for finding the December 28 Order is clearly erroneous or contrary to law. Although the Court takes prisoners' claims seriously and expeditiously processes meritorious claims, *pro se* litigants must submit their claims and a request for leave to proceed *in forma pauperis* on Court-approved forms. *See* D.C.COLO.LCivR 8.1.A. The Court, therefore, will overrule the Objection and direct the Clerk of the Court to send the proper forms to Plaintiff for use in curing the deficiencies noted in the Court's December 28, 2011 Order. Accordingly, it is

ORDERED that the Letter (Doc. No. 6) will be stricken pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that Plaintiff's filing titled "Change to Title 42, Section 1983 Jurisdiction & Second Request Pleas," (Doc. No. 7) is construed as an Objection and is overruled. It is

FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff two copies each of a Prisoner Complaint form and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form for use in curing the deficiencies noted in the December 28, 2011 Order.  It is

FURTHER ORDERED that Plaintiff shall have thirty days from the date of this Order to comply with the December 28, 2011 Order.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this  17th  day of    January   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court