IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03344-BNB

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW IN PART
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

    Plaintiff, Mel Bomprezzi, is a prisoner in the custody of the Colorado Department of Corrections (DOC). He currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Bomprezzi, acting *pro se*, has filed a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983, alleging that his rights under the United States Constitution have been violated. He seeks prospective injunctive relief.

    The Court construes the Complaint liberally because Mr. Bomprezzi is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part and drawn in part to a district judge and a magistrate judge.

Mr. Bomprezzi asserts that Defendant Dr. Joan Kaprivnikar is violating his Eighth Amendment rights by subjecting him to involuntary injections of antipsychotic drugs. The Eighth Amendment claim asserted against Defendant Kaprivnikar will be drawn to a district judge and a magistrate judge.  The Colorado Department of Corrections will be dismissed for the following reasons.

Any claim against Defendant Colorado Department of Corrections is barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Mr. Bomprezzi must assert a claim for prospective relief against individual state officers.  *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997));  *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).  Defendant Colorado Department of Corrections, therefore, is an improper party to this action and will be dismissed.  Accordingly, it is

ORDERED that Defendant Colorado Department of Corrections is dismissed as an improper party to this action.  It is

FURTHER ORDERED that the Complaint as asserted against Defendant Dr. Joan Kaprivnikar shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  12th  day of      March      , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court