IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03344-REB-MEH

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR,

    Defendant.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Stay Discovery [filed May 17, 2012; docket #49]. The motion is referred to this Court for disposition. (Docket #50.) For the following reasons, the Court **GRANTS** the motion.

### I.  Background

Plaintiff is a prisoner in Colorado proceeding *pro se* who initiated this civil rights action on December 21, 2011 by filing his Complaint; subsequently, on February 7, 2012, he filed an Amended Complaint, in accordance with a court order, alleging generally that Defendant has administered "involuntarily" certain anti-psychotic drugs to the Plaintiff. Amended Complaint, docket #11 at 3. Plaintiff contends that the Defendant uses physical force to inject the drugs, and such drugs result in "body malfunctions." *Id.* In response to the Complaint, Defendant filed a motion to dismiss Plaintiff's claims on May 14, 2012, asserting that Plaintiff fails to plausibly state an Eighth Amendment claim against the doctor.

Three days later, Defendant filed the present motion seeking an order staying discovery and

vacating the upcoming Scheduling Conference. Defendant argues that its motion to dismiss could fully resolve the case and that, "[w]ithout a stay, the Defendant and the state will be required to undertake costly and time consuming discovery and will ultimately have to spend state resources drafting a dispositive motion that will prove to be ultimately unnecessary should the Court grant the motion to dismiss." Motion, docket #49 at 3.

## II.     Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality*

2

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. Defendant has moved for a stay to avoid any unnecessary burdens and/or costs of discovery. While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending motion to dismiss may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the motion to dismiss.

## III.     Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's Motion to Stay Discovery [filed May 17, 2012; docket #49]. This matter is hereby **STAYED** pending resolution of the motion to dismiss and further order of the Court. The Scheduling Conference currently set for June 4, 2012 is **vacated**. The Clerk of the Court is directed to send a copy of this order to the Plaintiff's case manager, as well as to the Plaintiff. Defendant shall file a status report with the Court within *five business days* of a ruling on Defendant's pending Motion to Dismiss.

Dated at Denver, Colorado, this 18th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge