**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03344-REB-MEH

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR,

    Defendant.

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the plaintiff's filing captioned "**Stop Dr. Kaprivnikar Now!**" [#26][1] filed March 29, 2012; (2) the plaintiff's **Summary Judgment Request in the Plaintiff's Favor** [#39] filed April 27, 2012; (3) the defendant's **Motion To Dismiss** [#44] filed May 14, 2012; (4) the **Recommendation of United States Magistrate Judge** [#47] filed May 14, 2012; (5) the plaintiff's filing captioned "**Addition of Two More Defendants & Appeal to Lewis Babcock on Slavery Issue and Involuntary Intoxication**" [#54] filed June 15, 2012; and (6) the **Recommendation of United States Magistrate Judge** [#60] filed August 3, 2012. The plaintiff filed a document [#58] which I read as an objection to the May 14, 2012, recommendation [#47]. No objections were filed addressing the August 3, 2012,

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation [#60].

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the May 14, 2012, recommendation [#47] to which the plaintiff objects. I have considered carefully the recommendations, the objections, and the applicable case law. No objections to the August 3, 2012, recommendation [#60] recommendation were filed. Thus, I review that recommendation only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the disposition recommended by the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The plaintiff is acting *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

The plaintiff is an inmate at the San Carlos Correctional Facility. He alleges that he is being involuntarily medicated with anti-psychotic drugs. In his complaint, he seeks relief requiring the defendant to stop the involuntary medication of the plaintiff. Appropriately, the magistrate judge reads the plaintiff's filing captioned "**Stop Dr. Kaprivnikar Now!**" [#26] filed March 29, 2012, as a motion for preliminary injunction. In the recommendations, the magistrate judge applies the correct standards to the motion for preliminary injunction, the motion to dismiss, and the motion for summary judgment. Applying those standards, the magistrate judge recommends that the motion

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

for preliminary injunction and the motion for summary judgment be denied. The magistrate judge recommends that the motion to dismiss be granted in part and denied in part. These recommendations are correct.

Finally, on June 15, 2012, the plaintiff filed his motion captioned "**Addition of Two More Defendants & Appeal to Lewis Babcock on Slavery Issue and Involuntary Intoxication**" [#54] filed June 15, 2012. In this motion, the plaintiff seeks to add two additional defendants to this case, and asks that Senior United States District Judge Lewis T. Babcock review the slavery issue raised by the plaintiff in many of his filings. Given the current status of this case, I conclude that the plaintiff has not demonstrated good cause to amend his complaint. FED. R. CIV. P. 15. The magistrate judge properly has reviewed the slavery issue raised by the plaintiff. There is no valid basis on which the plaintiff can seek review of this issue by a judge not assigned to this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#47] filed May 14, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Recommendation of United States Magistrate Judge** [#60] filed August 3, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

3. That the plaintiff's objection [#58] filed July 16, 2012, is **OVERRULED**;

4. That the plaintiff's filing captioned "**Stop Dr. Kaprivnikar Now!**" [#26] filed March 29, 2012, read as a motion for preliminary injunction, is **DENIED**;

5. That the plaintiff's **Summary Judgment Request in the Plaintiff's Favor** [#39] filed April 27, 2012, is **DENIED**;

6. That the defendant's **Motion To Dismiss** [#44] filed May 14, 2012, is

**DENIED** as to the plaintiff's Fourteenth Amendment procedural due process claim;

7. That under FED. R. CIV. P. 12(b)(6), the defendant's **Motion To Dismiss** [#44] filed May 14, 2012, is **GRANTED** as to the plaintiff's Thirteenth Amendment claim, the plaintiff's Eighth Amendment claim, and the plaintiff's substantive due process claim, and those claims are **DISMISSED**;

8. That the plaintiff's motion captioned "**Addition of Two More Defendants & Appeal to Lewis Babcock on Slavery Issue and Involuntary Intoxication**" [#54] filed June 15, 2012, is **DENIED**.

Dated March 15, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge