IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03344-REB-MEH

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Plaintiff's Motion for Temporary Injunction of Involuntary Antipsychotics Administration [filed April 22, 2013; docket #79], which has been construed as a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a). (Docket #80.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion has been referred to this Court for recommendation. (*Id.*) The Court finds that briefing and oral argument would not materially assist in the adjudication of the motion. For the reasons that follow, this Court respectfully recommends that the Plaintiff's motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

Plaintiff is a prisoner in Colorado proceeding *pro se* who initiated this civil rights action on December 21, 2011 by filing his Complaint; subsequently, on February 7, 2012, he filed an Amended Complaint, in accordance with a court order, alleging generally that Defendant has administered "involuntarily" anti-psychotic drugs to the Plaintiff. Amended Complaint, docket #11 at 3. Plaintiff contends that the Defendant uses physical force to inject the drugs, and such drugs result in "body malfunctions." *Id.* On March 29, 2012, Plaintiff filed a motion titled "Stop Dr. Kaprivnikar Now!," which was construed as a motion for preliminary injunction. Docket #31. Following briefing on the motion, this Court recommended that the motion be denied. Docket #47.

Meanwhile, on May 14, 2012, Defendant filed a motion to dismiss Plaintiff's Amended Complaint containing what Defendant construed to be Plaintiff's Eighth Amendment claim. Docket #44. This Court recommended that the District Court construe the Amended Complaint as containing claims for violations of the Eighth Amendment, Thirteenth Amendment and Fourteenth Amendment. Docket #60. On March 18, 2013, the District Court adopted the recommendation to grant Defendant's motion to dismiss Plaintiff's Eighth and Thirteenth Amendment claims, and to allow a Fourteenth Amendment substantive due process claim to proceed. Docket #73. In addition, Judge Blackburn adopted this Court's recommendation to deny Plaintiff's motion for preliminary injunction. *Id.*

In the present motion, Plaintiff again requests preliminary injunctive relief seeking an order prohibiting Defendant from "forcefully administering to [Plaintiff] antipsychotic drugs because they interfere with [his] thought processes necessary to prosecute a legal case." Motion, docket #79 at 1. Plaintiff contends that the medication suppresses adrenaline which "causes extreme chemically induced anxiety feelings," and causes him to "sleep nine to fourteen hours a day." Plaintiff states

2

that he "experience[s] bouts of inability to think straight or focus," "bouts of extreme hunger," "the inability to get penile erections," and the inability to "lose fat no matter how much [he] exercise[s]." *Id.* Plaintiff asserts that "[m]ost important, antipsychotics take away [his] motivation to organize [himself] and [his] legal files." *Id.*

The Court held a Scheduling Conference in this case last week on April 18, 2013, at which the Court and the parties set a schedule for discovery.

## DISCUSSION

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Moreover, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Here, Plaintiff appears to seek a preliminary injunction that would require Defendant to act

3

in a way that (Plaintiff alleges) is contrary to Defendant's prior practices, *i.e.*, to stop administering to Plaintiff the anti-psychotic drugs. Given the relief Plaintiff appears to seek, the relief sought would alter the status quo rather than preserve it and would also require Defendant to engage in affirmative actions. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier,* 427 F.3d at 1259, 1261.

**I.     Irreparable Injury**

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

Here, the Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (emphasis in original) (citation omitted).

Plaintiff alleges here that, on the antipsychotic medication, he is unable to think straight or focus, he sleeps nine to fourteen hours a day, he has extreme hunger pangs, he is unable to get a penile erection, and he is unable to lose weight. However, the Plaintiff fails to allege how any of these ailments would constitute an *irreparable* harm if the Court denies Plaintiff's request for

4

preliminary injunctive relief. *See Escobar v. Mora*, No. 06-cv-01222-CMA-KLM, 2011 WL 588710, at *3 (D. Colo. Jan. 7, 2011), *aff'd* 2011 WL 588211 (D. Colo. Feb. 9, 2011) (concluding that plaintiff failed to state an irreparable harm by failing to allege that a delay of surgery would cause any permanent, irreversible damage); *see also Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007) (to demonstrate irreparable harm, a plaintiff "must establish both that the harm will occur and that, when it does, such harm will be irreparable"). Therefore, the Court finds that Plaintiff has failed to clearly establish his injuries are "of such imminence that there is a clear and present need for equitable relief," as required to impose disfavored injunctive relief in this matter.

However, in his Amended Complaint, the Plaintiff alleges a Fourteenth Amendment substantive due process claim that has survived Defendant's motion to dismiss. I am aware that a presumption of irreparable injury exists where constitutional rights are infringed. *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) (holding that a presumption of irreparable injury exists where plaintiff claimed that monetary relief would not properly redress the violation of his right to free exercise of religion caused by previous denials of pastoral visits). Thus, to be entitled to a presumption of irreparable injury, the Plaintiff must establish a substantial likelihood of success on his constitutional claim.

**II.     Substantial Likelihood of Success on the Merits**

The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person is to be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" *Harper v. Young*, 64 F.3d 563, 564 (10th Cir. 1995), *aff'd*, 520 U.S. 143 (1997). Thus, when an inmate alleges a violation of his due process rights, the court must first determine whether a liberty interest exists. Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law.

*Hewitt v. Helms*, 459 U.S. 460, 466 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Here, Plaintiff contends that Defendant's "decision to involuntarily intoxicate me [with antipsychotic medication] violates the U.S. Constitution's 13th Slavery Amendment because involuntary intoxication perpetration is not listed on my criminal mittimus. ... The body malfunctions that these toxins cause make it cruel and unusual punishment." Amended Complaint, docket #11 at 3. In his motion, Plaintiff argues that "since [his] crime was non-violent (writing letters), it is wrong to force [him] to ingest adrenaline suppression drugs." Motion, docket #79 at 1.

In *Washington v. Harper*, the Supreme Court found that an offender "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." 494 U.S. 210, 221-22 (1990). At the same time, however, the involuntary administration of antipsychotic drugs that are prescribed, reviewed and ordered by a psychiatrist in the offender's medical interests, given the legitimate needs of the offender's institutional confinement, will meet the demands of the Due Process Clause. *Id.* at 222. "Prison officials have a duty to care for their inmate population, and using antipsychotic medications is an appropriate medical response in certain situations." *Boyett v. County of Washington*, 282 F. App'x 667, 676-77 (10th Cir. 2008).

At this early stage in the litigation, of course, there are (and would be) no findings as to whether the drugs administered to the Plaintiff were properly ordered upon a determination that the Plaintiff is a danger to himself or to others, and that the drug treatment is in the Plaintiff's medical interest. However, the Plaintiff provides no information other than his own allegations that the antipsychotic drugs are unwanted and unnecessary, and have caused him to suffer certain ailments. Thus, the Court finds that the Plaintiff has failed to establish at this stage of the litigation a

substantial likelihood he will succeed in demonstrating the Defendant violated a significant liberty interest. *See Kikumura*, 242 F.3d at 955 (movant seeking a preliminary injunction that would disturb the status quo must demonstrate not only a substantial likelihood of success on the merits, but also that the factor weighs heavily and compelling in his favor). Consequently, the Court finds that Plaintiff has failed to demonstrate a presumption of irreparable harm necessary to impose a preliminary injunction that would alter the status quo in this case.

### III.   Balance of Hardships

The Plaintiff raises no argument concerning any balance of hardships associated with granting a preliminary injunction. The Court concludes that, considering the lack of irreparable injury in this case, the burden on Defendant (and to the public, in general) outweighs any harm the Plaintiff may suffer from denial of his motion at this early stage.

### IV.   Public Interests

Again, the Plaintiff makes no argument concerning the public interest in a grant of a preliminary injunction in this case. Since the Court has already determined that Plaintiff has not shown at this stage of the litigation he is substantially likely to demonstrate Defendant violated his Fourteenth Amendment rights, the Court finds that granting Plaintiff's motion would be adverse to the public interest in this case.

## CONCLUSION

In sum, the Court concludes that Plaintiff has not met his burden to show that a preliminary injunction, particularly one that is disfavored, is necessary in this case. Therefore, this Court respectfully RECOMMENDS that the District Court find the Plaintiff has failed to demonstrate he is entitled to a preliminary injunction in this matter, and **DENY** the Plaintiff's Motion for Temporary Injunction of Involuntary Antipsychotics Administration [filed April 22, 2013; docket #79].

DATED this 24th day of April, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge