**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03344-REB-MEH

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR,

    Defendant.

**ORDER AMENDING ORDER ADOPTING
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before the court *sua sponte*. On March 18, 2013, I entered an order [#73][1] approving and adopting two recommendations of the magistrate judge. One of those recommendations [#60] included a recommendation that the motion to dismiss [#44] of the defendant, Dr. Kaprivnikar, be granted as to some claims, but denied as to the substantive due process claim of the plaintiff.

    Addressing the recommendation [#60] and the motion to dismiss [#44] in the concluding paragraphs of my order [#73], I conflated the substantive due process and procedural due process claims of Mr. Bomprezzi. As a result, I inadvertently and unintentionally ordered that the motion to dismiss [#44] was granted as to the substantive due process claim and denied as to the procedural due process claim.

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Reviewing the recommendation [#60], my order [#73], and the other pertinent parts of the record, it is clear that I intended to grant the motion to dismiss as to any remaining procedural due process claim and deny the motion to dismiss as to the possible substantive due process claim of the plaintiff.[2]  Under FED. R. CIV. P. 60(a), I enter this order to amend and correct my previous order [#73].

**THEREFORE, IT IS ORDERED** as follows:

1.  That under FED. R. CIV. P. 60(a), the **Order Adopting Recommendations of United States Magistrate Judge** [#73] filed March 18, 2013, is **AMENDED** as stated in this order;

2.  That paragraph six (6) on pages three and four of the **Order Adopting Recommendations of United States Magistrate Judge** [#73] filed March 18, 2013, is **AMENDED** to read: "That the defendant's Motion To Dismiss [#44] filed May 14, 2012, is **DENIED** as to the plaintiff's Fourteenth Amendment substantive due process claim;"

3.  That paragraph seven (7) on page four of the **Order Adopting Recommendations of United States Magistrate Judge** [#73] filed March 18, 2013, is **AMENDED** to read: "That under FED. R. CIV. P. 12(b)(6), the defendant's Motion To Dismiss [#44] filed May 14, 2012, is **GRANTED** as to the plaintiff's Thirteenth Amendment claim, the plaintiff's Eighth Amendment claim, and any remaining portion of the plaintiff's procedural due process claim, and those claims are **DISMISSED**;"

---

[2]  As noted in the recommendation [#60], the magistrate judge read a substantive due process claim into the complaint, even though the plaintiff did not explicitly assert such a claim.  This interpretation of the complaint was made as part of the duty of the court to interpret liberally the pleadings of a *pro se* party.  *Recommendation* [#60], p. 4.

4. That otherwise, the **Order Adopting Recommendations of United States Magistrate Judge** [#73] filed March 18, 2013, **SHALL REMAIN** in full force and effect.

Dated January 22, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge