**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-03344-REB-MEH

MEL BOMPREZZI,

    Plaintiff,

v.

DR. JOAN KAPRIVNIKAR,

    Defendant.

**ORDER CONCERNING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on: (1) the **Motion for Temporary Injunction of Involuntary Antipsychotics Administration** [#79][1] filed April 22, 2013; (2) the **Recommendation of United States Magistrate Judge** [#81] filed April 24, 2013; (3) the **Defendant's Motion for Summary Judgement** [#87] filed September 9, 2013; and (2) the **Recommendation of United States Magistrate Judge** [#93] filed October 29, 2013. I approve and adopt both recommendations as orders of this court, deny the motion for temporary injunction, and grant the motion for summary judgment.

Mr. Bomprezzi is proceeding pro se. Thus, I have construed his papers generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991)

---

[1] "[#79]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

No objections to the first recommendation [#81] were filed. Thus, I review the first recommendation only for plain error. *See* **Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the first recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court. The first recommendation [#81] concerns the **Plaintiff's Motion for Temporary Injunction of Involuntary Antipsychotics Administration** [#79] filed April 22, 2013. For the reasons stated in the recommendation [#81], this motion must be denied.

The plaintiff, Mel Bomprezzi, filed timely objections [#94] to the second recommendation [#93].  As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the second recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, and the applicable case law.  The magistrate judge recommends that the motion for summary judgment [#87] of the defendant be granted.  This motion addresses the single remaining claim of the plaintiff, a substantive due process claim.  The magistrate judge analyzes thoroughly the history of this case, the facts evidenced in the record, and the applicable law.  Ultimately, the magistrate judge recommends that the motion for summary judgment be granted because, viewing the undisputed facts in the record in the light most favorable to Mr. Bomprezzi, those facts do not support the substantive due process claim of Mr. Bomprezzi.  The analysis of the magistrate judge is correct and the objections [#94] to not raise any issue which undermines that analysis.

---

[2]  This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#81] filed April 24, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Motion for Temporary Injunction of Involuntary Antipsychotics Administration** [#79] filed April 22, 2013, is **DENIED**;

3. That the objections of the plaintiff stated in his **Renewal of Objections** [#94] are **OVERRULED**;

4. That the **Recommendation of United States Magistrate Judge** [#93] filed October 29, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

5. That the **Defendant's Motion for Summary Judgement** [#87] filed September 9, 2013, is **GRANTED**;

6. That this case is **DISMISSED** with prejudice;

7. That **JUDGMENT SHALL ENTER** in favor of the defendants named in the amended complaint [#11], Dr. Joan Kaprivnikar and Colorado Department of Corrections, against the plaintiff, Mel Bomprezzi, on each of the claims for relief asserted in the amended complaint [#11]; and

8. That the defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner **PRESCRIBED** under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 27, 2014, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

3